# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Everest Reinsurance Company A/S/O Fritz Hokel and Sym Realty

(b) County of Residence of First Listed Plaintiff: Somerset, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Methfessel & Werbel, 450 Seventh Avenue, Suite 1400, NY, NY

## DEFENDANTS

Cova Concrete Corp., Sharon Engineering, P.C., Orange County Superior Concrete, Inc., Simon Dushinsky, The Rabsky Group, LLC

County of Residence of First Listed Defendant: ______
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
White & McSpedon, P.C., 875 Avenue of the Americas, Suite 800, NY, NY, 10001 Attorneys for Defendant, Cova Concrete Corp.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☒ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 08/18/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

EVEREST REINSURANCE COMPANY, A/S/O FRITZ HOKEL AND SYM REALTY,

Plaintiff

- against -

COVA CONCRETE CORP., SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMON DUSHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS AND DEMERARA ENGINEERING, PLLC,

Defendants

---------------------------------------------------------x

**Docket No.: CV 11 3427**

**ANSWER**

**DEFENDANT DEMANDS TRIAL BY JURY**

**C O U N S E L O R S :**

The defendant, COVA CONCRETE CORP., by its attorneys, WHITE & McSPEDON, P.C., answering the Complaint of the plaintiffs, herein upon information and belief:

**PARTIES**

1. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "1", "2", "3", "5", "6", "7", "8", "9", "10", "11" and "12".

2. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "4"and refer all questions of law to this Honorable Court.

## JURISDICTION AND VENUE

3. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "13" and "15" and refer all questions of law to this Honorable Court.

4. Deny each and every allegation contained in the paragraph of the Complaint numbered "14" and refer all questions of law to this Honorable Court.

## FACTS

5. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "16", "17" and "18".

6. Deny each and every allegation contained in the paragraphs of the Complaint numbered "19", "20", "21", "22" and "23" and refer all questions of law to this Honorable Court.

7. Deny each and every allegation contained in the paragraph of the Complaint numbered "24" and refer all questions of law to this Honorable Court.

## AS TO COUNT ONE

8. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint numbered "25" and refer all questions of law to this Honorable Court.

9. Deny each and every allegation contained in the paragraphs of the Complaint numbered "26", "27" and "28" and refer all questions of law to this Honorable Court.

## AS TO COUNT TWO

10. Deny each and every allegation contained in the paragraph of the Complaint numbered "29" and refer all questions of law to this Honorable Court.

**AS TO COUNT THREE**

11. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "30" and "31" and refer all questions of law to this Honorable Court.

12. Deny each and every allegation contained in the paragraph of the Complaint numbered "32" and refer all questions of law to this Honorable Court.

**AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE**

13. In the event plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to Federal Rules of Civil Procedure by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claims, economic loss, from any collateral source including but not limited to insurance, Social Security, Workers' Compensation or employee benefits program.

**AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE**

14. That this answering defendant claims that he is not responsible to the plaintiffs herein. However, to the extent that the trier of the facts finds liability of 50 per cent or less as defined by the Federal Rules of Civil Procedure, this answering defendant claims entitlement to the benefits set forth.

**AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE**

15. That the injuries alleged to have been sustained by the plaintiffs were sustained while they were involved in an activity into which they had entered, knowing full well the hazard thereof and the inherent risk incident to such activity, and knowing the methods to be used in the performance of such activity and the dangers thereof, and such risks and dangers were expected and assumed by the plaintiff upon entering into and continuing such activity.

**AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE**

16. That the conditions alleged, if any, were open, obvious, notorious and apparent.

**AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE**

17. That the defendant claims there was a lack of privity between plaintiffs and defendant with respect to all issues in the applicable law to this case.

**AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE**

18. That the plaintiffs have failed to mitigate and/or reduce their damages and losses, if any, as alleged in the complaint.

**AS AND FOR AN SEVENTH COMPLETE AFFIRMATIVE DEFENSE**

19. That the culpable conduct of the plaintiffs brought about the alleged damages and injuries which plaintiffs claim without any culpable conduct on the part of this defendant, his agents, servants or employees.

20. That if the Court find after trial that any culpable conduct of this defendant, his agents, servants or employees contributed to the alleged damages or injuries to the plaintiffs, then and in that event this defendant prays that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the alleged damages or injuries.

**AS AND FOR A EIGHTH COMPLETE AFFIRMATIVE DEFENSE**

21. That upon information and belief, the plaintiff's injuries and damages, if any, were caused by the intervening acts of third parties unrelated to this answering defendant.

**AS AND FOR A NINTH COMPLETE AFFIRMATIVE DEFENSE**

22. That this answering defendant did not owe the plaintiff any of the duties alleged in this lawsuit.

**AS AND FOR A TENTH COMPLETE AFFIRMATIVE DEFENSE**

23. That the Complaint fails to set forth facts sufficient to constitute a cause and/or causes of action upon which relief may be granted insofar as this defendant is concerned.

**AS AND FOR AN ELEVENTH COMPLETE AFFIRMATIVE DEFENSE**

24. That the answering defendant was without notice of any of the purported conditions alleged in this Complaint.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMON DUSHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS AND DEMERARA ENGINEERING, PLLC**

25. If the allegations of the Complaint are true and this defendant is judged negligent by reason of the fact of operations of law or otherwise, then the greater responsibility for damages sustained by plaintiff will be that of the defendants above named.

26. That by reason of the foregoing, this defendant demands that the Court on the trial hereof apportion responsibility and negligence, if any, among the parties.

27. That in the event this defendant is held liable to the plaintiff herein, then this defendant demands judgment against the defendants, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMOND USHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS and DEMERARA ENGINEERING, PLLC, for such amounts as it may be required to pay over and above its proportionate share.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMON DUSHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS AND DEMERARA ENGINEERING, PLLC**

28. That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or warranty and/or contract and/or strict tort liability other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty, and/or obligations, and/or statute, and/or contract in fact or implied in law, upon the part of the defendants, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMOND USHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS and DEMERARA ENGINEERING, PLLC, with indemnification and save harmless agreement, and/or responsibility by them in fact, and/or implied in law, and without any breaches or any negligence of this pleading defendant contributing thereto, and if this pleading defendant is found negligent as to the plaintiff for injuries and damages as set forth in the plaintiff's Complaint, then and in that event the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, and the said defendants herein will be liable over jointly and severally to the pleading defendants and bound to fully indemnify and hold this pleading defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the pleading defendant in this action, including all costs and disbursements.

**AS AND FOR THIRD CROSS-CLAIM AGAINST DEFENDANTS, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMON DUSHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS AND DEMERARA ENGINEERING, PLLC**

29. That defendants, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMOND USHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS and DEMERARA ENGINEERING, PLLC, and this defendant, COVA CONCRETE CORP., contracted to purchase and provide a general liability insurance policy naming this defendant and its subsidiaries as an additional insured hereunder to provide coverage in the event of personal injury and this defendant's involvement in the resulting lawsuit for damages, and defendants, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMOND USHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS and DEMERARA ENGINEERING, PLLC, breached its contract by failing to comply with that agreement, and this defendant will demand all legal rights resulting therefrom.

30. That defendants, SHARON ENGINEERING, P.C., ORANGE COUNTY SUPERIOR CONCRETE, INC., SIMOND USHINSKY, THE RABSKY GROUP, LLC, HSD CONSTRUCTION, LLC, THE GOLD DEVELOPMENT & MANAGEMENT, LLC, OSCAR P. WALTERS and DEMERARA ENGINEERING, PLLC, has received notice of this defendant's demand for said coverage, and failed to provide said coverage, and this defendant will demand all legal rights resulting therefrom.

**WHEREFORE,** defendant, COVA CONCRETE CORP., demands judgment dismissing the complaint and that the Court apportion responsibility, if any, among the parties and further demands

judgment over and against the defendants above-named for the amount of any sums paid over and above their proportionate share of the judgment, together with the costs and disbursements of this action.

Dated: New York, New York
August 18, 2011

Respectfully submitted,

WHITE & McSPEDON, P.C.

By: [signature]

CHRISTOPHER J. WHITE, ESQ. (4441)
875 Avenue of the Americas, Suite 800
New York, NY 10001
(212) 564-6633
***Attorneys for Defendant,***
***Cova Concrete Corp.,***

TO:

METHFESSEL & WERBEL, ESQS.
***Attorneys for Everest Reinsurance Company***
***a/s/o Fritz Hokel and Sym Realty***
450 Seventh Avenue
Suite 1400
New York, New York 10123
(212) 947-1999
mailbox@methwerb.com
File No.: 71030 JNW

***4639/lsb***

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK )

**LYNDA S. BROWNE,** being sworn, deposes and says: I am not a party to the action, I am over 18 years of age and reside in Bronx County and is employed in the office of White & McSpedon, P.C.

On the 24th day of August, 2011 I served a true copy of the **CIVIL COVER SHEET and ANSWER** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee(s) as indicated below:

TO:

METHFESSEL & WERBEL, ESQS.
***Attorneys for Everest Reinsurance Company***
***a/s/o Fritz Hokel and Sym Realty***
450 Seventh Avenue
Suite 1400
New York, New York 10123
(212) 947-1999
mailbox@methwerb.com
File No.: 71030 JNW

Lynda S. Browne
LYNDA S. BROWNE

Sworn to before me this
24 day of August, 2011

**Notary Public**

JOSEPH H. McSPEDON
Notary Public, State Of New York
No. 31-4783990
Qualified In Westchester County
Commission Expires Aug. 16, 20/?