ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
ATTORNEYS AT LAW
237 WEST 35TH STREET
FOURTH FLOOR
NEW YORK, NEW YORK 10001

OFFICES:
GREAT NECK, NY
LOS ANGELES, CA

TELEPHONE: (212) 201-1170
FACSIMILE: (212) 201-1171
WWW.AGMBLAW.COM

September 24, 2012

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Everest Reinsurance Company a/s/o Fritz Hokel and Sym Realty v. Cova Concrete Corp., et al.*
             *Case No. 11 CV 3427*

Dear Magistrate Judge Orenstein:

      Our firm represents Orange County Superior Concrete Inc. ("Orange County"), one of the defendants in this action. The law firm of White & McSpedon, P.C. represents defendant Cova Concrete Corp ("Cova"). This letter motion is respectfully submitted on behalf of Orange County and Cova for an order, pursuant to F.R.C.P. 30(d)(1), extending the time period to complete the deposition of Isaac Rabinowitz ("Rabinowitz"), a principal of defendant HSD Construction, LLC ("HSD") and directing that counsel refrain from speaking objections at the completion of the deposition.

      By this subrogation action, plaintiff Everest Reinsurance Company ("Everest") seeks to recover alleged damages based on payments made by Everest to its insureds, Fritz Hokel and Sym Realty. Fritz Hokel and Sym Realty are alleged to be owners of property located at 48 North First Street, Brooklyn, New York ("48 North First"). Everest contends that the defendants herein are owners, contractors and professionals who rendered services in connection with a renovation (the "Construction Project") at 50 North First Street, Brooklyn, New York. Plaintiff alleges that, during the course of the Construction Project, property damage was sustained to 48 North First.

      HSD served as the general contractor of the Construction Project. Thus, HSD has the most firsthand knowledge of the Construction Project.

      Pursuant to F.R.C.P. 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." "The court *must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Arista Records, LLC v. Lime Group*, LLC, 2008 WL 1752254, at *1-2 (S.D.N.Y. 2008), citing F.R.C.P. 30(d)(1) (emphasis in original) (granting motion to compel additional four hours

of questioning of witness already questioned for fourteen hours because, among other reasons, the deponent was "a very significant witness in the case."). "Courts have determined that "only the time taken for the actual deposition, not breaks, counts toward the 7 hours, and . . . for good cause shown, the court should enlarge the time limit." *Saeed v. County of Nassau*, 2011 WL 6945755, at *1 (E.D.N.Y. 2011) (internal citations and quotations omitted) (granting application for additional 4 hours of questioning). "In multi-party cases, the need for each party to examine the witness may warrant additional time." *Id.* at *2 (internal citations and quotations omitted); see also *George v. City of Buffalo*, 789 F.Supp.2d 417, 436 (W.D.N.Y. 2011) (granting application to enlarge time period by 3.5 hours for completion of deposition).

Rabinowitz was produced for a deposition on August 9, 2012. Because Rabinowitz does not speak fluent English, a Hebrew translator was necessary in order to conduct the deposition. The use of a translator substantially slowed the pace at which the deposition could be conducted. Although the deposition was scheduled to commence at 10:00 a.m., Rabinowitz was late and, as a result, the deposition did not commence until 11:04 a.m. The deposition ended at 4:19 p.m. There was a half hour lunch break. Based on the lunch break and other breaks, we estimate that Rabinowitz was questioned for approximately 4 hours and 15 minutes. Counsel for plaintiff questioned Rabinowitz for a majority of the day. After counsel for plaintiff completed his questioning, counsel for defendant Sharon Engineering, P.C. ("Sharon") began questioning Rabinowitz, but did not finish and the deposition was concluded for that day.

The parties agreed to continue the deposition on September 12, 2012 at 10 a.m. However, Rabinowitz was late again and, to the best of our recollection, the deposition did not commence until approximately 11 a.m. Counsel for Sharon resumed questioning Rabinowitz. The use of a translator again substantially slowed the pace at which the deposition could be conducted. In addition, numerous speaking objections were interposed, which further slowed the pace at which the deposition was conducted. Approximately 30 minutes was taken for lunch. There were multiple breaks taken. Counsel for Sharon finished questioning Rabinowitz, at which point counsel for Orange County began questioning Rabinowitz. At approximately 5:00 p.m., counsel for HSD stopped the deposition and stated that he would not produce Rabinowitz to complete the deposition. We estimate that Rabinowitz was questioned for a total of 4 hours and 30 minutes on September 12, 2012.[1]

Although we estimate that between August 9, 2012, and September 12, 2012, Rabinowitz has been questioned for approximately 8 hours and 45 minutes, it is fair to say that, had a translator not been utilized, the same questioning likely could have taken place in approximately 6 hours.

Counsel for Cova has not had the opportunity to question Rabinowitz. Counsel for Orange County questioned Rabinowitz for approximately 2 hours on September 12, 2012. On September 13, 2012, Orange County produced its representative for a

[1] Upon request, we will provide to the Court the transcript from the deposition of Rabinowitz conducted on August 9, 2012. We anticipate receiving the transcript from the deposition of Rabinowitz conducted on September 12, 2012 on or about September 26, 2012.

deposition. Gail Ritzert, Esq., the partner in charge of the case for HSD, appeared at Orange County's deposition. Ms. Ritzert confirmed that she would not produce Rabinowitz to complete his deposition. On September 19, 2012, Brett Kuller, Esq., counsel for Orange County, called Ms. Ritzert to, among other reasons, engage in one final good faith effort to request that Rabinowitz be produced in order to complete his deposition. Ms. Ritzert has not returned Mr. Kuller's telephone call.

Rabinowitz has testified that Orange County is responsible for the purported damages sustained to 48 North First. HSD has asserted cross-claims against Orange County for common-law contribution, common-law and contractual indemnification and breach of contract. Orange County denies all liability in this action and, as a result, it is essential to Orange County's defense that it be permitted to complete the Rabinowitz deposition. Counsel for Orange County has not covered, or not finished, questioning Rabinowitz on numerous key areas including, but not limited to, the purported contract entered into between Orange County and HSD and the circumstances of same; the direction and control HSD exercised over the work performed by its subcontractors at the Construction Project; safety at the Construction Project; inspections at the Construction Project; a report rendered by Sharon to HSD relating to the occurrence; department of building and environmental control board violations issues to HSD as a result of the occurrence; OSHA violations issued to HSD as a result of the occurrence, and the stop work order that was issued by the department of buildings as a result of the occurrence.

In addition, on September 11, 2012, (one day prior to continuance of the Rabinowitz deposition) counsel for HSD produced to all parties a CD containing approximately 111 separate architectural/engineering drawings relating to the Construction Project, which should have been produced on or before May 22, 2012 in response to Orange County's first request for production of documents to defendants. Counsel for Orange County did not have an adequate amount of time to review the drawings and consult with an engineer regarding said drawings.

Orange County estimates that it has approximately three more hours of questioning and counsel for Cova estimates that she has approximately forty-five minutes of questioning. Thus, Orange County and Cova respectfully request that this Court enter an order directing Rabinowitz to appear for 4 more hours of questioning prior to October 26, 2012 at a mutually convenient time and place and that counsel refrain from speaking objections during the deposition. See *Sommer v. Aronow*, 1996 WL 399820, at *5 (S.D.N.Y. 1996) (entering an order instructing counsel to avoid speaking objections during future depositions); *Sicurelli v. Jeneric/Pentron, Inc.*, 2006 WL 681212, at *5 (E.D.N.Y. 2006) ("Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.") (internal citations and quotations omitted).

Respectfully submitted,

Brett L. Kuller (BK-7009)

To all counsel: via ECF